**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4659**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY LAMONT MCCLAIN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (CR-04-1012)

---

Submitted:  March 22, 2006          Decided:  April 13, 2006

---

Before NIEMEYER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tony Lamont McClain appeals from the 120-month sentence imposed following his guilty plea to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (2000), possession with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (2000), and use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). McClain's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but challenging McClain's sentence. McClain was informed of his right to file a pro se brief, but did not do so. Because our review of the record discloses no reversible error, we affirm McClain's conviction and sentence.

McClain argues the district court erred in sentencing him to 120 months' imprisonment. We disagree. McClain admitted to possession of at least five but no more than twenty grams of crack cocaine, thus triggering the five-year mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(B)(viii) (2000). Further, pleading guilty to use of a firearm in furtherance of a drug trafficking offense resulted in the application of another five-year mandatory minimum term, which must be served consecutive to any other term of imprisonment. 18 U.S.C. § 924(c)(1)(A). Thus, pursuant to these statutory mandatory minimums, the ten-year sentence was the

shortest possible term of imprisonment to which the district court could have sentenced McClain.  Accordingly, we find the district court committed no error.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  McClain's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11.  McClain was properly advised of his rights, the offenses charged, and the maximum sentences for the offenses. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises.  See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).  We therefore affirm McClain's conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions  are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -